**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #00224
ccadonau@brownsteinrask.com
1200 SW Main Street
Portland, OR 97205
Telephone:    (503) 221-1772
Facsimile:    (503) 221-1074

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA), INC.<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(Breach of collective bargaining agreement, subscription agreement, and Violation of ERISA) |

Plaintiffs allege:

I

PARTIES

1.  Plaintiffs are the Trustees of the Service Employees International Union Local 49 Welfare Trust (hereinafter "Fund").

Page 1 – COMPLAINT                                        SEIU G4S Complaint 4-14-14

2. The Fund is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employment Retirement Income Security Act of 1974, as amended (ERISA). A number of employers pay fringe benefit contributions to the Fund, and the Fund is a "multiemployer plan" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Fund have discretionary authority to control and manage the Fund and are "fiduciaries" of the Fund as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. Defendant is a Florida corporation. At all times material to this proceeding (January 1, 2014, to date), Defendant has been authorized to conduct business within the state of Oregon and has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

JURISDICTION AND VENUE

4. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Fund against Defendant for violation of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

///

5. At all times material to this proceeding (January 1, 2014, to date), Defendant has been signatory to a written collective bargaining agreement with Service Employees International Union Local 49 (hereinafter "Union") known as the Portland Security Contractors Agreement. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant affect commerce. The Court has jurisdiction over the Claim for Relief pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

6. The Fund is administered in Portland, Oregon. Venue in this Court is proper pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

7. Assignment within this jurisdictional district to the Portland Division is proper under Civil Local Rule 3-2(b) because the Fund is administered in Portland, Oregon.

III

FACTS

8. Based on the terms of the collective bargaining agreement between Defendant and the Union, Defendant agreed to pay fringe benefit contributions to the Fund on behalf of its "full-time" employees performing work covered by the collective bargaining agreement. The collective bargaining agreement provides the payment terms are determined by the Trustees of the Fund. Based on the terms of the collective

bargaining agreement, Defendant also agreed to be bound by the terms and conditions of the Trust Agreement, as amended, that created the Fund.

9. Effective January 1, 2014, Defendant and the Fund entered into a written subscription agreement. Based on the terms of the subscription agreement, Defendant agreed to pay its fringe benefit contributions to the Fund no later than the fifteenth (15th) day of the second month following the month in which employees covered by the collective bargaining agreement had sufficient hours to qualify for health coverage. The subscription agreement provided an example that for employees covered by the collective bargaining agreement who had sufficient hours to qualify for health coverage under the collective bargaining agreement in January 2014, Defendant was required to pay the full monthly fringe benefit contributions and administrative fee to the Fund no later than March 15, 2014. The subscription agreement also provided that Defendant agreed to be bound by the terms and conditions of the Trust Agreement, as amended, that created the Fund.

10. The Trust Agreement, as amended, that created the Fund provides that, in the event an employer fails to pay its fringe benefit contributions by the date established by the collective bargaining agreement or subscription agreement (which is the 15th day of the second month following the month in which the employee had a sufficient number of hours to qualify for health coverage), interest shall be assessed on the delinquent or late paid fringe benefit contributions at the rate of eight (8) percent

per annum from the due date, until paid. Recovery of interest on delinquent or late paid fringe benefit contributions is also provided for at 29 U.S.C. §1132(g)(2)(B) of ERISA.

11. The Trust Agreement, as amended, that created the Fund provides that, in the event an employer fails to pay its fringe benefit contributions by the date specified in the collective bargaining agreement or subscription agreement (which is the 15th day of the second month following the month in which the employee worked a sufficient number of hours to qualify for health coverage), liquidated damages shall be assessed in the amount of 20% of the delinquent or late paid fringe benefit contributions. Recovery of liquidated damages on delinquent or late paid fringe benefit contributions is also provided for at 29 U.S.C. §1132(g)(2)(C) of ERISA.

## IV

## CLAIM FOR RELIEF

12. Defendant underpaid its fringe benefit contributions which were due by February 15, 2014 by the amount of $865.04. Defendant underpaid its fringe benefit contributions which were due by March 15, 2014 by the amount of $27,515.30. Defendant underpaid its fringe benefit contributions which were due by April 15, 2014 in the amount of $22,745.22. As a result thereof, Defendant owes $51,125.56 in past-due fringe benefit contributions, $10,225.11 in liquidated damages on the past-due fringe benefit contributions, and $209.34 in interest on the past-due fringe benefit contributions cal-

culated through April 16, 2014 with interest continuing to accrue on the past-due fringe benefit contributions ($51,125.56) at the rate of 8% per annum from April 17, 2014 until paid.

    13.    The Trust Agreement, as amended, that created the Fund provides that, in the event an employer is referred to legal counsel for collection of money owed to the Fund, the Fund is entitled to recover a reasonable attorneys' fee.  The Fund is entitled to recover from Defendant a reasonable attorneys' fee pursuant to the Trust Agreement, as amended.  Recovery of a reasonable attorney's fee is also provided for at 29 U.S.C. § 1132(g)(2)(D) of ERISA.

    WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

    1.    For a judgment requiring Defendant to pay $51,125.56 in fringe benefit contributions based on payments which were due on February 15, 2014, March 15, 2014, and April 15, 2014, $10,255.11 in liquidated damages, $209.34 in interest calculated through April 16, 2014, with interest continuing to accrue on the sum of $51,125.56 at the rate of 8% per annum from April 17, 2014 until paid, a reasonable attorney's fee, and costs incurred in this action; and

///

///

///

2. For such further relief as the Court deems proper, just, and equitable.

DATED this 2nd day of May, 2014.


/s/ Stephen H. Buckley
Stephen H. Buckley
Attorney for the Service Employees
International Union Local 49 Welfare Trust